IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 27, 2024 Session

**EARL DAVID CRAWFORD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. 86-448    Andrew M. Freiberg, Judge**

_____

**No. E2022-01745-CCA-R3-CO**

_____

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

R. Barry Gearon, Jr., Nashville, Tennessee, for the appellant, Earl David Crawford.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Paul O. Moyle IV, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Petitioner appeals as of right the Bradley County Criminal Court's order dismissing his motion to correct illegal sentences. Upon our review, we conclude that the Petitioner has failed to prepare a sufficient brief compliant with Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Criminal Appeals Rule 10(b). Accordingly, the Petitioner's issues are waived, and his appeal is dismissed.

In 1986, the Petitioner was convicted by a Bradley County jury of the Class X felonies of armed robbery, aggravated kidnapping, and aggravated rape. He was sentenced to two life terms plus thirty-five years to be served consecutively. On direct appeal, this court upheld the Petitioner's convictions. State v. Crawford, No. 258, 1987 WL 19611 (Tenn. Crim. App. Nov. 10, 1987), perm. app. denied (Tenn. Mar. 14, 1988). In November 2022, the Petitioner, through counsel, filed a motion to correct his illegal sentences

pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court dismissed via written order for failure to state a colorable claim.[1]

The Petitioner's sole argument on appeal is that the trial court erred denying him a hearing on his motion. The State responds that the Petitioner failed to state a colorable claim and has waived his claim by failing to file an adequate brief compliant with the Tennessee Rules of Appellate Procedure. We agree with the State.

Tennessee Rules of Appellate Procedure 27(a)(7) states that the brief of the appellant shall contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor[.]" The appellant must include "the reasons why the contentions require appellate relief," accompanied by citations to the authorities and appropriate references to the record relied upon. Id. Rule 10(b) of this court also states plainly that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See Hodge v. Craig, 382 S.W.3d 325, 335 (Tenn. 2012) ("An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7).").

In response to the Petitioner's initial six-page brief, this court filed a sua sponte order February 9, 2024, alerting the Petitioner to the inadequacy of his brief and granting him until February 16, 2024, to file an amended brief in accordance with the Rules of the Court of Criminal Appeals. The Petitioner filed his amended eight-page brief February 15, 2024, of which the argument section is as follows:

> A colorable claim is a claim . . . if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief. Rule 36.1 of the Tennessee Rules of Criminal Procedure states that if the Motion states a colorable claim . . . the court shall hold a hearing on the claim. Whether a defendant has raised a colorable claim is a question of law that this Court reviews de novo. A colorable claim for relief under Rule 36.1 does not require the moving party to support its motion with documents from the record of the underlying proceeding in which the allegedly illegal sentence was imposed. Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to . . . a hearing on his claim, even without any documentation from the underlying record to support his claim. (ellipses in original) (footnotes omitted).

---

[1] We note that the Petitioner's original motion, the State's response, and the trial court's order of dismissal lack date of filing stamps. Thus, we are only able to refer to the dates listed on the certificate of service and date of entry.

Our role is not "to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." Sneed v. Bd. of Prof'l Responsibility, 301 S.W.3d 603, 615 (Tenn. 2010). When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the Petitioner has failed to comply with the applicable rules, his claims have been waived, and this appeal is dismissed.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE